**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 18, 2024.**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MATTHEW R. SHANE | § | CASE NO. 23-60449-MMP |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

### ORDER AND OPINION

The Court considered the Debtor's *Motion to Reopen Closed Bankruptcy Case to File Reaffirmation Agreement* (ECF No. 18) and determined that it should be denied.

Section 350(b) of the Bankruptcy Code provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." Debtor seeks to reopen a closed bankruptcy case to file a signed reaffirmation agreement that was not filed before the Debtor received his discharge (ECF No. 15). No relief can be accorded to the debtor and no cause exists to reopen the case.

Section 727 discharges all debts, other than those excepted from discharge. A debtor may prevent the discharge of a particular debt by entering a reaffirmation agreement with a creditor

under § 524(c). A reaffirmation agreement, however, is enforceable only if it is made before the debtor receives a discharge. § 524(c)(1). The Fifth Circuit has held that § 524(c)(1) requires strict compliance, and reaffirmation agreements executed after the debtor has received a discharge are unenforceable. ***Chase Auto. Fin., Inc. v. Kinion (Matter of Kinion)***, 207 F.3d 751, 756-57 (5th Cir. 2000).

Even if this case were reopened, any reaffirmation agreement filed would be unenforceable, as it would be entered into after the granting of the discharge. The Court cannot reopen a case to allow the filing of a post-discharge reaffirmation agreement. Reopening the case for this reason might even constitute an abuse of discretion. *See id.* at 757 (holding that the bankruptcy court abused its discretion in reopening a case to deny a reaffirmation agreement). The Debtor has asserted no other reasons to reopen in its *Motion*, and so the Court finds no cause exists to permit reopening the case under § 350(b).

To get around non-enforceability of the reaffirmation agreement, the Debtor has submitted to this Court a proposed order granting reopening relief, which contains language that treats the reaffirmation agreement as "deemed to be filed prior to the Discharge" and "valid in all respects." The Court also cannot do this.

The Court cannot enter *retroactive* orders which purport to change the past. ***Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano***, 140 S. Ct. 696, 701 (2020). *Nunc pro tunc,* or retroactive*,* orders are only permitted to "'reflect the reality' of what has already occurred," not to "'make the record what it is not.'" *Id.* at 700-01 (citing ***Missouri v. Jenkins***, 495 U.S. 33, 49 (1990)). This is exactly what the Debtor asks the Court to do: to enter an order changing the past as if the Debtor had filed its reaffirmation before the discharge date. The Court cannot "deem" the reaffirmation agreement to be timely filed, nor can it override the explicit command of

§ 524(c)(1) and declare the agreement "valid in all respects." Because the Court cannot do so, there remains no cause to reopen the case under § 350(b). It is, therefore,

**ORDERED** that the above-referenced *Motion* is **DENIED**.

# # #